Pennsylvania Labor Relations Board, Appellant *v.* Greater Johnstown Area Vocational-Technical School, Appellee.

Pennsylvania Labor Relations Board *v.* Greater Johnstown Area Vocational-Technical School. Greater Johnstown Area Vocational-Technical Education Association, Appellant.

Argued December 5, 1979, before Judges CRUM-LISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Anthony E. Busillo,* Assistant Attorney General, with him *James L. Crawford, Donald A. Wallace* and *Mary Teresa Gavigan,* Assistant Attorneys General, for appellant.

*Marlin B. Stephens,* for appellee.

*William K. Eckel,* for Greater Johnstown Education Association, appellee.

OPINION BY JUDGE CRUMLISH, JR., February 14, 1980:

The Pennsylvania Labor Relations Board and the Greater Johnstown Area Vocational-Technical Education Association appeal from the decision of the Cambria County Common Pleas Court which modified in relevant part an order of the Board which held that the Greater Johnstown Area Vocational-Technical School committed an unfair practice under Section

1201 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201 (PERA), by failing to submit to binding arbitration.

Did the court below err in refusing to compel the School to submit to arbitration certain teacher grievances alleging they were denied professional advantage without "just cause" as a result of the School decision to eliminate certain courses which they taught? We affirm the Cambria County Court.

The narrow issue is whether it can be said with positive assurance that the dispute in question does not arguably involve an interpretation of the provisions of the collective bargaining agreement. *North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa. Commonwealth Ct. 429, 433-34, 386 A.2d 1059, 1061 (1978).

The agreement provides:

*JUST CAUSE PROVISIONS*

No professional employe shall be reduced in rank or compensation or deprived of any professional advantage without just cause. Any such action asserted by the joint operating committee, or any agent representative thereof, shall be subject to the grievance procedure herein set forth.

There is no allegation that the teachers were suspended or reduced in rank or compensation but merely that as a result of the course eliminations, they may or may not be deprived of professional advantage without just cause. The right and authority to eliminate courses is a traditional management prerogative. It can be said with positive assurance that the agreement's "just cause" provision failed to provide for arbitration of disputes arising from the management decision to eliminate courses. Nor does the agreement, read in its entirety, expressly or impliedly require the School to arbitrate program changes.

The final course selections can only be made by the management team charged with the responsibility of providing the School's best educational package absent an agreement to the contrary.

Accordingly, we

ORDER

AND Now, this 14th day of February, 1980, the order of the Court of Common Pleas of Cambria County dated June 30, 1978 is affirmed.

Judge DISALLE did not participate in the decision in this case.